UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIGHT HARVEST SWEET POTATO COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> H.J. HEINZ COMPANY, L.P., <br><br> Defendant. | Case No. 1:13-cv-00296-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it Plaintiff Bright Harvest Sweet Potato Company, Inc.'s Motion for Leave to File Second Amended Complaint. (*Dkt. No. 42*). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## BACKGROUND

This is a breach of contract case. Bright Harvest Sweet Potato company, Inc. originally sued H.J. Heinz Company, L.P. for Breach of Contract and Promissory/Equitable Estoppel in July 2012, and amended that complaint in September 2012. The original complaint alleges that Heinz breached an agreement in which they

would purchase sweet potato fries from Bright Harvest. This case was transferred to the District of Idaho in June 2013.

On February 26, 2014, almost four months after the deadline for amending pleadings passed, Bright Harvest filed a motion to amend its Complaint to add four new causes of action: 1) Breach of Contract in regard to the Bright Harvest Non-Disclosure Agreement; 2) Unjust Enrichment; 3) Quantum Meruit; and 4) Theft of Trade Secrets.

## LEGAL STANDARD

The Court issued its Case Management Order in August 2013. Pursuant to the stipulated litigation plan, the CMO set November 1, 2013 as the deadline for amendment of pleadings and joinder of parties. Motions to amend a pleading filed after the scheduling order deadline has expired are governed by the restrictive provisions of Rule 16(b), which require a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992). Thus, rule 16(b), not 15(a), governs the consideration of Bright Harvest's request to amend the complaint.

Under Federal Rules of Civil Procedure 16(b) a movant must show good cause for not having amended its compliant before the time specified in the scheduling order. *Johnson*, 975 F.2d at 607-08. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon,* 2005 WL 1364571, at *1 (D. Idaho 2005). Rule 16 was designed to facilitate more efficient disposition of cases by settlement or by trial. *Johnson*, 975 F.2d at 610-11. If disregarded it would "undermine the court's ability

to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. *Id*.; *see also* Rule 16 Advisory Committee Notes (1983 Amendment).The moving party's diligence governs the good cause standard. *Johnson*, 975 F.2d at 608. "When determining whether to grant a motion to amend a scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modifications." *Id*. But if the moving party "was not diligent, the inquiry should end." *Id*.

## ANALYSIS

Bright Harvest requests leave to amend because, despite its efforts to retain an expert in October 2013, it was not able to do so until late February 2014. Additionally, Bright Harvest contends that it was unable to sort through thousands of documents needed to assert new claims.

Bright Harvest has failed to demonstrate diligence in seeking amendment. Although there is no bright line rule for diligence, this Court has determined that a Plaintiff was not diligent when he waited 12 days before the disclosure deadline to start looking for an expert. *Morse v. SEG U.S. 95 LLC*, 2011 WL 781254, at *3 (D. Idaho 2011). Similarly, in this case Bright Harvest apparently did not begin looking for an expert until only one month before the amended pleadings deadline. *Pl.'s Aff*. ¶ 13. Even though this gave Bright Harvest four months to find an expert before the expert disclosure date, Bright Harvest was aware it did not have an expert by the time the amended pleadings deadline came and went on November 1, 2013. But Bright Harvest

failed to ask for an extension at that point. Instead, it waited several more months to ask for the extension. This does not show diligence on the part of Bright Harvest.

Moreover, Bright Harvest was not diligent in requesting the apparent discovery it needed to amend its complaint. Bright Harvest alleges that it did not have adequate time to analyze documents it received after a discovery conference with the Court. But Bright Harvest did not request the additional discovery until October 29, 2013 – just two days before the amended pleadings deadline. And, again, Bright Harvest made no attempt at that point to extend the deadline; instead, it waited several more months.

Additionally, Bright Harvest has failed to show it could not have reasonably met the established deadline set in the scheduling order. For example, the initial complaint was filed in July 2012, and the first amended complaint was filed in September 2012. Thus, Bright Harvest had more than a year to amend the complaint a second time but failed to do so. Furthermore, Bright Harvest knew or should have known about the facts supporting the newly asserted claims in the second amended complaint. For example, Bright Harvest knew prior to filing its complaint that Heinz had signed a non-disclosure agreement. *Pl's Second Am. Compl.* ¶ 42. Further, Bright Harvest would have known whether they had received compensation prior to filing its complaint.

Bright Harvest declares that it was unable to assert the trade secret claims without assistance from the expert and obtaining the documents from Heinz because it did not have relevant information. *McConnell Aff.* at ¶ 15. However, the first amended complaint expresses concern that Heinz discontinued purchasing from Bright Harvest for the

purpose of processing its own line of products. *Amended Compl.* at ¶ 21. This statement is evidence that Bright Harvest had knowledge, before the expert was retained and prior to receiving the documents from Heinz, that it believed Heinz was going to begin processing its own line of products.

Thus, because Bright Harvest has not met its burden of showing good cause under Rule 16, "the inquiry should end." *See Johnson*, 975 F.2d at 609. Bright Harvest's lack of diligence is enough to deny the motion to amend. However, as the Ninth Circuit permits, this Court will also consider the "existence or degree of prejudice" to Heinz because those factors "supply additional reasons to deny a motion." *Id*.

Heinz would be prejudiced if leave was granted to amend the complaint because it would not have sufficient time to conduct discovery on the amended claims. Because the motion to amend was not filed until late February, it was not fully briefed until April 7, 2014. The deadline for completion of discovery (which has now passed) was one week later, April 15, 2014. Even had the Court granted the motion to amend on the day it was fully briefed, Heinz could not have been expected to conduct discovery in only a week. Moreover, cross-motions for summary judgment have now been filed, pursuant to the May 15, 2014 dispositive motion deadline, and allowing an amendment at this point would require revision of those motions as well. Accordingly, because Bright Harvest was not diligent in trying to meet the Court's deadline, and because an amendment would prejudice Heinz, the Court will deny the motion.

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File a Second Amended Complaint (Dkt. 42) is **DENIED**.

DATED: July 7, 2014

B. Lynn Winmill
Chief Judge
United States District Court