UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIGHT HARVEST SWEET POTATO COMPANY, INC., an Oregon corporation,<br><br>Plaintiff,<br><br>v.<br><br>H. J. HEINZ COMPANY, L.P., a Pennsylvania limited partnership,<br><br>Defendant. | Case No. 1:13-cv-00296-BLW<br><br>MEMORANDUM DECISION AND ORDER |

The Court has before it Defendant's Motion for Reconsideration of Memorandum Decision and Order (Dkt. 192). A motion to reconsider an interlocutory ruling requires an analysis of two important principles: (1) Error must be corrected; and (2) Judicial efficiency demands forward progress. The former principle has led courts to hold that a denial of a motion to dismiss or for summary judgment may be reconsidered at any time before final judgment. *Preaseau v. Prudential Insurance Co.*, 591 F.2d 74, 79-80 (9th Cir. 1979). While even an interlocutory decision becomes the "law of the case," it is not necessarily carved in stone. Justice Oliver Wendell Holmes concluded that the "law of the case" doctrine "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." *Messinger v. Anderson*, 225 U.S. 436, 444 (1912). "The only sensible thing for a trial court to do is to set itself right as soon as

possible when convinced that the law of the case is erroneous. There is no need to await reversal." *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal. 1981)(Schwartzer, J.).

The need to be right, however, must co-exist with the need for forward progress. A court's opinions "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988).

Reconsideration of a court's prior ruling under Federal Rule of Civil Procedure 59(e) is appropriate "if (1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." *S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1100 (9th Cir. 2010) (citation omitted). If the motion to reconsider does not fall within one of these three categories, it must be denied.

Because most motions for reconsideration are nothing more than a request that the Court change its mind, it is this Court's practice to review such motions as soon as possible, and if that is the case, the Court tries to issue a quick decision so as not to burden the parties with extensive briefing. That is the case here. Defendant's motion has not met its burden of proving any one of the three requirements for reconsideration. Essentially, Defendants ask the Court to re-think its position on the law and facts in this case. The Court understands that Defendant's position is different from the Court's, but that is not justification for the Court to reconsider its decision. The Court issued its

opinion based upon the Court's understanding of the law and facts in this case, and the Court will not change that position now. Accordingly, the motion for reconsideration will be denied.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Reconsideration of Memorandum Decision and Order (Dkt. 192) is **DENIED**.

DATED: September 25, 2015

_____
B. Lynn Winmill
Chief Judge
United States District Court