UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BRIGHT HARVEST SWEET POTATO COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> H.J. HEINZ COMPANY, L.P., <br><br> Defendant. | Case No. 1:13-cv-00296-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Plaintiff's Rule 60 Motion for Relief to Include Interest in the Judgment (Dkt. 344).

## ANALYSIS

Bright Harvest asks the Court to order pre-judgment interest. Bright Harvest concedes that its request is late, but asks the Court to grant it relief under Rule 60 for excusable neglect. The Court need not determine whether Bright Harvest is entitled to relief based on excusable neglect because Bright Harvest is not entitled to pre-judgment interest under Idaho law regardless of the timing of the motion.

In Idaho, pre-judgment interest is available only when damages are liquidated or ascertainable by mere mathematical process at the time of the breach. *Bouten const. Co. v. H.F. Magnuson Co.,* 992 P.2d 751, 757 (Idaho 1999); *Barber v. Honorof,* 780 P.2d 89,

**MEMORANDUM DECISION AND ORDER - 1**

92 (Idaho 1989); *see also Champion Produce, Inc. v. Ruby Robinson Co., Inc.,* 342 F.3d 1016, 1020 (9th Cir. 2003) (citing I.C. § 28-22-104(1)). Here, damages were not liquidated. Thus, the only question is whether they were mathematically ascertainable.

Applying Idaho law, the Ninth Circuit upheld the denial of prejudgment interest in *Champion Produce*, which had facts very similar to this case. In support of its finding, the Ninth Circuit referenced Idaho cases where damages were not readily and mathematically ascertainable. For example, in *Opportunity, LLC v. Osseward*, 38 P.3d 1258 (Idaho 2002), damages for the breach of a real estate purchase agreement were equal to the difference between the market value of the property and the amount due under the promissory note. But because the market value was subject to dispute, the court determined that the amount of damages was not subject to mathematical calculation until judgment was entered. *Id.* at 1266. Likewise, in *Farm Development Corp. v. Hernandez*, 478 P.2d 298 (Idaho 1970), the defendant breached a contract to reimburse the plaintiff for half the cost of applying fertilizer to a beet crop. But although the price was set out in the contract, the court denied prejudgment interest because there was conflicting evidence on the amount actually paid and the actual value of the product. *Id.* at 300.

With these cases in mind, the Ninth Circuit in *Champion Produce* also denied prejudgment interest. In that case, the defendant entered into a contract to purchase onions from the plaintiff. The plaintiff asked for prejudgment interest after the jury awarded it over $100,000 in damages. The trial court denied prejudgment interest, "explaining that in light of the conflicting evidence presented by both parties concerning the contract prices and whether these prices had been modified or waived, the principal

**MEMORANDUM DECISION AND ORDER - 2**

amount of liability under the parties' contract was not liquidated or ascertainable by mere mathematical processes prior to trial." *Champion Produce,* 342 F.3d at 1021.

On appeal, the plaintiff argued that the damages award was mathematically ascertainable because the jury must have used two numbers introduced at trial to compute the award. *Id*. at 1021. The Ninth Circuit rejected that argument, stating that "[t]he fact that the damages became mathematically ascertainable after the jury decided, in light of conflicting evidence, which numbers were relevant does not render the damages mathematically ascertainable within the meaning of Idaho Code § 28-22-104(1)." *Id*. at 1021-22. (emphasis omitted). "If it were otherwise, damages would be 'mathematically ascertainable' in every case in which the trier of fact ultimately determines the relevant numbers and then calculates the award based on those numbers. This result would be contrary to Idaho law." *Id.* at 1022.

The circumstances here are similar. The damages in this case were divided into two categories – lost fixed overhead, and lost profits. The Co-Pack Agreement did not allow the parties to simply add up numbers to reach a final damages amount for lost fixed overhead and lost profits. The Court is intimately familiar with the evidence and arguments about damages in this case, and notes that these figures were disputed at trial and subject to conflicting evidence. There was a dispute over the pounds of sweet potato fries Heinz was obligated to purchase from Bright Harvest, whether and to what degree self-production by Heinz was allowed, the types and amounts of expenses included in Bright Harvest's fixed overhead, and changes to quarterly and annual prices. In fact, the Court has already explained in its Order denying the Rule 59 motion that the jury had to

**MEMORANDUM DECISION AND ORDER - 3**

wrestle with the conflicting evidence and arguments of the parties about damages. The Court stated that the jury "could have reached the conclusion suggested by Bright Harvest" or "may have reached its conclusion by way of some of the suggestions put forth by Heinz. The Court will not try to make that determination." Dkt. 342 at 10. Under these circumstances, the Court finds that Bright Harvest is not entitled to pre-judgment interest because it is not ascertainable by mere mathematical process. Accordingly, the Court will deny the motion.

## ORDER

**IT IS HEREBY ORDERED:**

1. Plaintiff's Rule 60 Motion for Relief to Include Interest in the Judgment (Dkt. 344) is **DENIED**.

DATED: September 25, 2017

B. Lynn Winmill
Chief Judge
United States District Court